983 F.2d 1069
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Majid D. CHOLAK, Defendant-Appellant.
 No. 92-1494.
 United States Court of Appeals, Sixth Circuit.
 Jan. 7, 1993.
 
 Before MILBURN and BATCHELDER, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant-appellant, Majid D. Cholak, appeals his conviction for violating 18 U.S.C. § 922(g)(1), which forbids "any person who has been convicted in any court, of a crime punishable by imprisonment for a term exceeding one year," from possessing "any firearm or ammunition."
 
 I.
 
 2
 On March 17, 1991, when defendant tried to enter the Cantaloupes Lounge in Detroit, Michigan, he was stopped and frisked by private security guards, who found a loaded, 9mm semi-automatic, Fratelli Tanfoglio pistol. The guards removed the firearm from defendant's shoulder holster and allowed him to return to his car, purportedly to obtain his identification or a CCW permit. Instead, defendant drove away, leaving his firearm behind.
 
 
 3
 The next day, based on an investigation which had begun in May, 1990, agents executed a search warrant at defendant's house in Detroit, and found about 100 pounds of marijuana in a freezer in the basement. Upon questioning defendant after he was advised of his Miranda rights, defendant admitted the marijuana was his; that he bought it for $100,000 and planned to resell it for a profit; and that he was the individual who tried to enter Cantaloupes Lounge the previous night with the loaded, 9 mm Fratelli Tanfoglio pistol.
 
 
 4
 Defendant Cholak was charged on a two-count indictment in the Eastern District of Michigan. On count one, defendant was charged with possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On count two, defendant was charged with possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D).
 
 
 5
 Count one alleged that defendant violated 18 U.S.C. §§ 922(g) and 924(a)(2) because he knowingly possessed a firearm after having been previously convicted of a felony that resulted in a term of imprisonment for a term exceeding one year. On December 5, 1983, defendant had been convicted by the state of Michigan for larceny over $100 and received a sentence of three years, four months, to five years.
 
 
 6
 On December 5, 1991, defendant moved to dismiss count one of the indictment in the present case, arguing that his 1983 state conviction could not be used as a prior felony for charging him under 18 U.S.C. § 922(g)(1) because, as a matter of Michigan law, his civil rights had been restored upon his release from imprisonment for the 1983 conviction, and under 18 U.S.C. § 921(a)(20), he was no longer a convicted felon within the meaning of the federal statute.
 
 
 7
 While the motion to dismiss count one of the indictment was pending, defendant pleaded guilty to both counts of the indictment on December 6, 1991, pursuant to a Rule 11 plea agreement. The plea agreement allowed defendant to appeal an adverse ruling on the motion to dismiss count one of the indictment.
 
 
 8
 On March 4, 1992, the district court denied defendant's motion to dismiss count one of the indictment.
 
 
 9
 On March 10, 1992, the district court sentenced defendant to 71 months imprisonment followed by a special parole term of three years. Defendant filed a timely notice of appeal.
 
 II.
 
 10
 We must decide whether the district court properly determined that under Michigan law, defendant's civil rights had not been restored after his release from prison for the 1983 state conviction. The district court held that therefore defendant did not fall within the exemption for a felon in possession of a firearm under 18 U.S.C. § 921(a)(20) and was subject to prosecution under 18 U.S.C. § 922(g)(1).
 
 
 11
 The federal statute subjecting a former convicted felon to criminal sanctions for possessing a firearm is 18 U.S.C. §§ 921 and 922. Section 922(g)(1) makes it a federal crime for a person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year ... to ... possess in or affecting commerce, any firearm. ..." Section 921(a)(20), which defines "crime punishable by imprisonment for a term exceeding one year," states in relevant part that:
 
 
 12
 [w]hat constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.
 
 
 13
 The statute thus indicates that if a former convicted felon's civil rights have been restored under state law, he is exempt from the federal restriction as long as he is not restricted from carrying firearms under state law.
 
 
 14
 The defendant in the present case argues that he comes within the exemption of 18 U.S.C. § 921(a)(20) because although he was convicted of a felony in 1983 by the state of Michigan, under Michigan law, his civil rights were restored upon his release from prison for the larceny conviction and he is not restricted from carrying a firearm under Michigan law.
 
 
 15
 Defendant relies on United States v. Dahms, 938 F.2d 131 (9th Cir.1991) for the proposition that under Michigan law, a convicted felon's civil rights are restored upon his release from prison because he has the right to vote, the right to seek and hold public office, and the right to serve on a jury. The Dahms court relied heavily upon this court's decision in United States v. Cassidy, 899 F.2d 543 (6th Cir.1990), which stated, "Congress intended to encompass those [civil] rights accorded to an individual by virtue of his citizenship in a particular state. These rights include the right to vote, the right to seek and hold public office and the right to serve on a jury." Id. at 549 (footnote omitted). The Dahms court concluded that under Michigan law a convicted felon's civil rights are restored automatically upon his release from prison. 938 F.2d at 135.
 
 
 16
 However, this court in a recent opinion, United States v. Driscoll, 970 F.2d 1472 (6th Cir.1992), petition for cert. filed, (U.S. Oct. 6, 1992) (No. 92-6132) expressly stated its disagreement with the reasoning in Dahms. Id. at 1476-78. In Driscoll, this court held that Michigan law does not fully restore to a convicted felon his civil rights upon his release from prison because Michigan does not restore the right of convicted felons to sit on a jury. Id. at 1479. This court reasoned that under Mich.Ct.R. 2.511(D)(2) (which the Dahms court had not examined), a convicted felon may be challenged as a juror for cause and once that occurs, the state court must excuse him. The Driscoll court concluded that because "a felon may not sit on a jury [in Michigan] if his status is challenged," his civil rights are not automatically restored upon his release from prison. Id..
 
 
 17
 This court's opinion in Driscoll is dispositive of the present case. In Driscoll, the Sixth Circuit held that under Michigan law, a convicted felon's civil rights are not restored upon release from prison because his right to sit on a jury can be restricted under Michigan Court Rule 2.511(D)(2). Because a convicted felon's civil rights in Michigan are not restored upon release from prison, such a felon does not fall within the exemption of 18 U.S.C. § 921(a)(20), and is subject to prosecution under § 922(g)(1). Under this court's decision in Driscoll, defendant Cholak's civil rights have not been restored under Michigan law, and he is, therefore, prohibited from carrying a firearm under 18 U.S.C. § 922(g)(1). The decision of the district court is affirmed on this issue.
 
 III.
 
 18
 We must next decide whether the case needs to be remanded for resentencing.
 
 
 19
 The government has raised the issue of what appears to be an error in the form of the district court's sentence. (Brief of appellee, p. 3 n. 1).
 
 
 20
 The district court failed to impose separate sentences on the two counts to which defendant pleaded guilty--count I for felon in possession of a firearm; and count II for possession with intent to distribute marijuana. The district court imposed a single sentence of 71 months, which was the maximum sentence allowed under defendant's plea agreement and was within the applicable guideline range of 63-78 months.
 
 
 21
 The government argues that this sentence is in error because a sentence of 71 months for count II, possession of marijuana with intent to distribute, would exceed the statutory maximum penalty of five years (60 months) for first-offense possession of less than 50 kilograms of marijuana. 21 U.S.C. § 841(b)(1)(D). Defendant was found with approximately 45.5 kilograms of marijuana and it was his first offense for possession. We agree with the government that defendant's sentence needs to be corrected. The two counts of the indictment concern two separate and distinct offenses and there needs to be a separate sentence for each separate count. For these reasons, the case is hereby remanded to the district court for the purpose of correcting the sentence by imposing separate sentences on each count.
 
 
 22
 To conclude, defendant's conviction is hereby AFFIRMED, but the case must be REMANDED for resentencing.